FILED
MARY L. SWAIN
BUTLER COUNTY
CLERK OF COURTS
03/19/2024 10:20 AM
CV 2024 03 0567

IN THE COURT OF COMMON PLEAS
BUTLER COUNTY, OHIO

| | |
|---|---|
| JENNIFER JONES<br>343 Sherman Ave.<br>Hamilton, Ohio 45013<br><br><br>Plaintiffs<br><br><br>v.<br><br>STATE FARM FIRE & CASUALTY CO<br>P.O. Box 106169<br>Atlanta, Georgia 30348-6169,<br><br>Also serve:<br>Corporate Service Co., Statutory Agent<br>3366 Riverside Dr., Suite 103<br>Upper Arlington, Ohio 43221<br><br>Also serve:<br>STATE FARM FIRE & CASUALTY CO<br>C/O Michael Tipsord, Chairman,<br>President & CEO<br>3 State Farm Plaza S H-4<br>Bloomington, IL 61710-0001<br><br>Defendants | CASE NO. _____<br><br>Judge:<br><br><br>**COMPLAINT- BREACH OF CONTRACT, BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING, BAD FAITH, AND BREACH OF FIDUCIARY DUTY** |

Now comes Plaintiff, Jennifer Jones, by and through undersigned counsel, and hereby state the following for her Complaint against Defendant:

### JURISDICTION AND VENUE

1. Plaintiff, Jennifer Jones at all times relevant, owned and resided at 343 Sherman Avenue, Hamilton, Ohio 45013, making the Butler County Court of Common Pleas the proper venue and jurisdiction for this case.

2. Defendant, State Farm Fire & Casualty will hereinafter referred to as "State Farm".

3. Plaintiff, Jennifer Jones has a homeowners insurance policy with Defendant State Farm. The policy number is 35EMV2192. The claim number for this loss is 3549C623T for her home located in the City of Hamilton, Butler County, Ohio.

4. At all times relevant herein, Defendant State Farm is a corporation licensed to conduct business in Ohio, regularly conducting business throughout the State of Ohio, including Butler County.

5. Defendant State Farm regularly is in the business of, among other things, selling homeowners insurance policies to consumers throughout the State of Ohio, including Butler County.

6. Defendant State Farm regularly and systematically conducts business activities including selling insurance and soliciting business throughout the State of Ohio, including Butler County.

7. Defendant State Farm sold a homeowners insurance policy to Plaintiff's Jennifer Jones, through an Ohio-based agent which policy provided coverage to Plaintiffs.

## FACTUAL ALLEGATIONS

8. On March 24, 2023, Plaintiffs' home sustained major damage as a result of wind and hail damage to the roof of her home.

9. Plaintiff made a proper and timely claim for damages caused by an insured event to State Farm.

10. Plaintiff promptly notified Defendant of the occurrence on or about March 24, 2023 and has satisfied all conditions precedent to pursue a bona fide and valid property loss claim, under the subject Auto-Owners Insurance policy, which was in full force and effect on the date of the subject loss.

11. Plaintiff duly reported the loss and fully cooperated with Defendant following the subject windstorm loss. Defendant failed to conduct a reasonable investigation of the loss.

12. As a result of the subject covered loss, there was a substantial damage and/or destruction to the structure and/or contents and/or interior and/or loss of use and/or additional damages at the subject property.

13. Defendant wrongfully denied the claim and/or certain portions of the claim and/or processed the claim in bad faith and/or made an inadequate, partial payment for the loss and/or otherwise engaged in wrongful acts and omissions in failing to fully indemnify the Plaintiff for their covered loss.

14. Plaintiff placed reasonable reliance in the Defendant, that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the

2

Plaintiff promptly for their property loss, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT 1

## BREACH OF CONTRACT

15. The State Farm Insurance Policy and its terms were a binding legal contract and agreement between Plaintiffs and Defendant State Farm. Plaintiffs contracted for Policy # 35EMV2192 with Defendant State Farm.

16. In consideration of the contract, Plaintiffs paid regular and on time policy premiums to Defendant State Farm on a regular and consistent basis.

17. The Defendant State Farm policy was in full force and effect on March 24, 2023 on the date of the insured loss to Plaintiffs home.

18. At all times, Plaintiff has performed or substantially performed all conditions precedent and met her contractional obligations under the Defendant State Farm policy by providing notice to State Farm, cooperating with inspections by Defendant State Farm, and by providing adequate and timely information to Defendant State Farm and took all other contractually necessary and requested actions.

19. By delaying and refusing to pay Plaintiff the amounts she was legally entitled to recover under their State Farm policy, Defendant State Farm failed to fulfill its contractual obligations without legal excuse.

20. Plaintiffs suffered and continue to suffer damages as a result of Defendant State Farm's breach of contract.

21. Plaintiffs are entitled to recover compensatory damages in an amount in excess of $25,000.00 the exact amount to be determined at trial as a direct and proximate result of State Farm's breach of contract.

22. Plaintiffs are further entitled to recover attorney legal fees and expenses for having to bring this action to enforce their rights.

## COUNT 2

### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

23. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

24. Defendant State Farm was required under Ohio law to act in good faith in the administration, investigation and/or processing of Plaintiffs claims..

25. In the administration, investigation and/or processing of Plaintiffs claim, Defendant State Farm failed to act in good faith, as required by law.

26. Defendant State Farm breached its contract to insure Plaintiff against the above-described loss.

27. Defendant State Farm breached its duty of good faith and fair dealing that arises when parties enter into a homeowners insurance contract.

28. Defendant State Farm owed Plaintiffs a duty of good faith and fair dealing.

29. Defendant State Farm breached the duty of good faith and fair dealing by failing to pay Plaintiffs the insurance coverage benefits owed under policy, forcing the Plaintiff to litigate the matter.

30. In its handling of this matter, State Farm acted with actual malice and intolerable disregard to the plight of its insured, Jennifer Jones.

31. Plaintiff Jennifer Jones is entitled to recover compensatory damages in excess of $90,764.66, the exact amount to be determined at trial, as a direct and proximate result of Defendant State Farm's breach.

32. Plaintiff Jennifer Jones is also entitled to reimbursement of reasonable attorney fees and costs necessary to bring and prosecute this insurance bad faith claim to protect their rights under the contract and Ohio Law.

## COUNT 3

### BAD FAITH

33. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

34. Defendant State Farm acted in bad faith and/or failed to act in good faith, by failing to present reasonable justification for its refusal to follow Ohio law and the policy terms and to fully reimburse Jennifer Jones for the damages and losses to her home on March 24, 2023.

35. Defendant State Farm intentionally and in bad faith delayed and continues to delay and refused and continues to refuse to pay the complete value of the Plaintiffs claim under the State Farm policy including, but not limited to, the interior and exterior damage due the wind and hail damage

36. All of the above actions were taken by Defendant State Farm without reasonable justification.

37. Defendant State Farm's acts and omissions were with malicious purpose, in bad faith, willful, and conducted in a wanton and/or reckless manner.

38. Defendant State Farm had actual knowledge that there was no legitimate or arguable "issue" over Plaintiffs' entitlement to payment of their claim.

39. Plaintiffs are entitled to recover compensatory damages in an amount in excess of $ 25,00.00, to be determined at trial as a direct and proximate result of Defendant State Farm's tortious bad faith.

40. Plaintiff isalso entitled to reasonable attorney fees and costs caused by the bad faith negotiation and settlement of their claims.

41. Defendant State Farm's actions in handling Plaintiff's claim was and is a part of a pattern of fraudulent conduct by Defendant State Farm and State Farm has acted with the intent to harm Plaintiff and/or with intent to deny her payments for which she is entitled. As a result, Plaintiff is also entitled to punitive damages for the bad faith of Defendant State Farm in evaluating Plaintiffs losses ad in showing bad faith, malicious purpose and willful, wanton, and reckless conduct in the processing and evaluation of their losses.

## COUNT 4
## BREACH OF FIDUCIARY DUTY

42. Plaintiff hereby incorporate all previous paragraphs as if fully set forth herein.

43. At all relevant times, Defendant State Farm owed Plaintiffs Fiduciary duties in providing coverage under the homeowners policy previous delineated.

44. Plaintiff reposed special trust and confidence in Defendant State Farm to act in Plaintiff's best interest and to provide coverage in the event Plaintiff ever suffered an insured loss caused by wind and/or storm damage.

45. Plaintiff reposed special trust and confidence in Defendant State Farm to act in her best interests and to provide protection for Plaintiff's family when a covered loss occurred under the policy.

5

46. A fiduciary relationship is one in which special confidence and trust is reposed in the integrity and fidelity of another and there is a resulting position of superiority or influence.

47. Defendant State Farm breached their duty by denying the full payment of benefits owed under the policy.

48. Defendant State Farm's actions constitute the tort of breach of fiduciary duty.

49. Defendant State Farm's actions were taken with malice, ill will, and/or reckless indifference. Plaintiff is entitled to recover compensatory damages in an amount to be determined at trial as a direct and proximate result of Defendant State Farm's breach of fiduciary duty.

50. Defendant State Farm's actions in handling Plaintiff's' claim was a part of a pattern of fraudulent conduct and State Farm acted maliciously with intent to harm Plaintiff. Thus, Plaintiff is entitled to punitive damages as punishment to deter State Farm from again engaging in such conduct towards Plaintiff.

WHEREFORE, Plaintiff, Jennifer Jones pray for judgment against Defendant State Farm, as follows:

A. A declaration that Plaintiff was an insured under the State Farm policy, that Plaintiff met all policy conditions necessary for coverage, and a declaration that Plaintiffs is entitled to the full legal recovery due to them under the policy.

B. Compensatory damages in excess of $25,000.00 on the breach of contract claim, evidencing the full amount necessary to complete all repairs of the home caused by the unsured event.

C. Compensatory damages on the breach of duty of good faith and fair dealing claim.

D. Compensatory and punitive damages against Defendant State Farm for exercising bad faith in the processing and handling of Plaintiff's claims.

E. Compensatory and punitive damages against Defendant State Farm for breaching its fiduciary duty to Plaintiff.

F. An award of interest on the compensatory award owed, attorney fees and costs for the litigation on the breach of contract, breach of duty of good faith and fair dealing, bad faith, and breach of fiduciary duty claims, and other claims eligible.

G. Such additional or alternative relief as the Court may deem just and equitable and due to Plaintiffs

Respectfully submitted,

DAVIDSON LAW OFFICES CO., L.P.A.

_____
DAVID T. DAVIDSON (0037035)
Attorney for Plaintiff
2 S. Third St., Suite 301
P.O. Box 567
Hamilton, Ohio 45011
Telephone: (513) 868-7100
Facsimile: (513) 330-6969
Email: ddavidson@davidsonlaw.org

## INSTRUCTION TO THE CLERK

Please serve the Defendants with a summons and a copy of the Complaint at the address specified in the caption of the Complaint by certified U.S. Mail, return receipt requested.

_____
David T. Davidson (0037035)